25 C.C.P.A.(Patents)

## In re McKEE et al.

## Patent Appeal No. 3952.

Court of Customs and Patent Appeals.
May 2, 1938.

Roy W. Johns, of Chicago, Ill., for appellants.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

## GARRETT, Presiding Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming the decision of the Examiner rejecting as unpatentable over prior art five claims of appellants' application for patent entitled "For Meat Packing Method." One claim, numbered 9, which also was rejected by the Examiner, was allowed by the Board. The rejected claims are numbered, respectively, 1, 6, 7, 8, and 10. They read as follows:

"1. The packing house method of treating meat which consists in submitting the meat to a rapid draft of frigid atmosphere and thereby quickly freezing the same, slicing the frozen meat, assembling and securing the slices together in unit form, and finally subjecting the meat to a temperature sufficiently low to maintain a sharp frozen condition.

"6. In the freezing of meat, the step of subjecting the meat to a rapid draft of frigid atmosphere.

"7. In the treatment of meat, the method which comprises subjecting the meat to a rapid draft of frigid air and thereby quickly freezing the meat and thereafter exposing to a less frigid temperature.

"8. The method of treating meat which comprises subjecting the meat to a current of very cold atmosphere sufficiently to quickly sharp-freeze the meat and thereafter tempering the meat.

"10. The method of freezing meat which comprises subjecting the meat to a current of cold air sufficiently to quickly freeze the outer portion of the meat and thereafter holding the meat in a quiescent atmosphere until the temperature is equalized throughout the meat."

It will be seen from the claims that the alleged invention relates, as is stated in the brief for appellants, to a "method for quick freezing meat in which the outer portion of the meat is quickly frozen by the action of a current of cold air, and the meat is subsequently tempered in a quiescent atmosphere to equalize the temperature throughout the meat."

The Examiner seems to have rejected all the appealed claims, first, upon the admitted state of the art, as given in the sole application of the party McKee, serial No. 368,941. In the decision of the Board, that application is referred to as having been abandoned, and it is said: "We do not affirm the examiner in the rejection of the claims on appeal on the abandoned application."

The prior art references cited in the Board's decision are: Birdseye, 1,773,079. August 12, 1930; Taylor, 1,864,284, June 21, 1932; "Refrigeration of Fish" by Taylor, Bureau of Fisheries Document 1016, pub. in 1927, p. 546.

In the decision of the Board there is no reference to the Birdseye patent, except · that it is cited. In the decision of the Examiner two references were made to it. At one point it was said: "It may be noted that the advantages of quick-freezing of meat and fish over other methods are well understood in the art, as instanced in Birdseye, so that there is no novelty in its use in the instant case."

At another point it was said: "With respect to claim 7, the limitation "exposing to a less frigid temperature" possesses no patentable significance, because this naturally occurs when the product is sold to the retailer or the consumer, as in the case of any frozen product, as for instance, in Birdseye."

The patent to Birdseye is entitled "Method of Preparing Food Products." In the specification it is said: "My invention has especial value in its application to such comestibles as fish and meat, fresh or cooked. * * *"

506

Elsewhere it is said: "I have referred in this specification to quick freezing. While I am unable to define quick freezing in terms of exact temperatures or periods of time, the phrase will be readily understood by any one familiar with the freezing of comestibles. Freezing may take place practically instantaneously, as by liquid air, or it may require days, as in the usual refrigeration in refrigerating rooms. In the case of such comestibles as fish or meat, for instance, if the freezing consumes any substantial period of time, the flesh is injuriously affected and it loses its natural flavor and qualities. By quick freezing, I mean freezing in a sufficiently short space of time so that the cells of the food product are not disrupted or broken and whereby the frozen block, throughout its mass, retains its natural qualities substantially unimpaired."

Appellants urge that the Birdseye patent contains no teaching that a blast of frigid atmosphere might be employed as a step in the preparation of sliced frozen meat; also that there is no teaching which would indicate that it is possible to slice the product after freezing.

The decision of the Board succinctly states the teaching of the Taylor patent (which is entitled "Steak and Method of Producing Same") as follows: "The patent to Taylor is concerned with the formation of a predetermined shaped mass of meat, spirally wrapping said mass with a tape or ribbon and cutting said wrapped mass transversely thereof and freezing the severed portions. The freezing operation may be carried out prior to the cutting. The object of the invention is to produce a food product comprising a frozen steak formed of a plurality of cross-cut pieces which are retained in package form. The patentee states that instead of cutting the wrapped shaped mass to form the steaks, it may be cut in lengths of one to five feet and these bodies frozen and subsequently sawed or cut either in a frozen or defrosted state to form steaks."

As to the publication by the Bureau of Fisheries, the Board says: " * * * [It] describes the quick freezing of fish by a rapid circulation of air. Although the publication states this method of freezing dries the fish excessively and because of the large volume and high velocity of air necessary it seems impracticable for commercial use, yet it calls attention to the rapid freezing of fish and therefore

of meat by quick circulation of air and that seems to be the feature relied on, particularly in the claims on appeal. * * "

Of the Taylor patent the brief for appellants asserts, inter alia, that it "is not concerned with any particular method of freezing, nor does it relate in any way to freezing cuts of meat." The first part of the statement seems to be correct; but as to the latter part it is noted that the patent specification says: "Though the following description refers specifically to fish, it is to be understood that the invention is not restricted thereto since it is applicable to *meats of all kinds*." (Italics ours.)

It seems to be conceded that the Bureau of Fisheries publication describes the quick freezing of fish by a rapid circulation of air, but it is argued for appellants that the teaching of the publication is that fish should not be so treated because it contains the statement: "This method of freezing dries the fish excessively, and, because of the large volume and high velocity of air necessary, seems impracticable for commercial use."

It is urged that "a statement of this kind would tend to discourage rather than assist a subsequent worker in the field in applying a rapidly circulating current of frigid air for freezing meat."

Much emphasis is placed upon this point, but we are unable to accept the argument as logical. It appears from the publication that quick freezing by a rapid circulation of air was known to the art, and the mere fact that the implication is that such method may not be desirable in the treatment of fish does not, in our opinion, affect the pertinency or force of the publication as a reference here.

A limitation in all the appealed claims, except No. 6, relates to tempering the meat after it has been frozen in the first instance. To this we have already alluded in reciting a portion of the Examiner's discussion of claim 7. We are unable to see wherein this step lends patentability to the claims, and concur with the views expressed with reference thereto by the tribunals of the Patent Office.

We are convinced that those tribunals were correct in holding that the here appealed claims present nothing patentable over the prior art cited.

The decision of the Board of Appeals is affirmed.

Affirmed.